IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10638
Conference Calendar

_____

GEORGE FRANKLIN ALDRIDGE, SR.,

Plaintiff-Appellant,

versus

JANET WINDHAM, parole officer,
S. SUTTON, parole officer,
MARY SCHEVER, parole officer,
RETA FLORES, parole member,
GARY MCMILLIAN, parole member,
JACK D. KYLE, parole member,
W.R. BEASLEY, parole member,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CV-723-Y
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

George Franklin Aldridge, Sr., a Texas state prisoner, filed this pro se, in forma pauperis (IFP), 42 U.S.C. § 1983 action against parole officers Janet Windham, S. Sutton, and Mary Schever, and against parole board members Reta Flores, Gary McMillian, Jack D. Kyle, and W. R. Beasley. Aldridge alleged that Windham, McMillian, and Beasley conspired to revoke Aldridge's mandatory supervised release by imposing special conditions without Aldridge's knowledge and then contending that

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

he violated those conditions. Aldridge also alleged that Sutton aided in the conspiracy by giving false testimony regarding Aldridge's behavior at Aldridge's preliminary hearing. Aldridge alleged that Schever was not impartial in her role as the preliminary hearing officer because she presided over the hearing with the impression that Aldridge was guilty.

Aldridge alleged the personal participation in his revocations proceedings of parole officers Windham and Sutton, board members McMillian and Beasley, and hearing officer Schever. Because each of these individuals was participating in the quasi-judicial activity of mandatory supervision revocation proceedings, they are absolutely immune from damages. See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Thomas v. Scherer, 94-11006, slip op. at 2-3 (5th Cir. March 22, 1995) (unpublished).

Because Aldridge did not allege that Kyle or Flores personally participated in his revocation proceedings, they are not entitled to absolute immunity. McGrew, 47 F.3d at 161. However, Aldridge has not alleged a § 1983 claim against these defendants under Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). McGrew, 47 F.3d at 161. The district court did not abuse its discretion in dismissing Aldridge's claims against the defendants with prejudice. See Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994) (affirming dismissal with prejudice of § 1983 claims deemed without merit under Heck and doctrine of absolute immunity).

AFFIRMED.